Motion to dismiss denied April 8; argued June 17; affirmed September 4; rehearing denied September 30, 1930

## STATE *v.* ANDERSON

(290 P. 1094)

*John A. Jeffrey* of Portland for appellant.

*Lida O'Bryon,* Deputy District Attorney, of Portland (Stanley Myers, District Attorney, of Portland, on the brief) for the State.

633

COSHOW, C. J. ■ The evidence shows that defendant had been employed for a number of years by the owners of the Nelson sawmill in Wheeler county, Oregon. For a part of that time he was serving as an engineer for which he was paid $5 per day, and in addition given a house and fuel without charge. Later he hauled by truck lumber for said mill, and the evidence tends to show that he was still employed by the owners of that mill. There is evidence tending to contradict the evidence that defendant was able to pay the sum of the judgment against him for the support of his minor children, but that is immaterial in this court. He has remarried since securing his divorce. He appeared at the trial to be able-bodied. There was sufficient evidence to submit to the jury the question of his ability to support his own children: *State v. Francis,* 126 Or. 253, 255 (269 P. 878). The jury having found for the plaintiff, this court is not at liberty to override the verdict: Or. Const., Art. VII, § 3-c.

634

Appellant insists that since plaintiff lives in Wheeler county and the divorce was granted there, the crime, if there be any crime for nonsuport of his children, was committed in Wheeler county. The statute of the state, however, prescribes otherwise: Or. L., § 1383, as amended by 1923 General Laws, 181, chap. 124. Defendant argues that said chapter 124 is void because (a) it violates the Oregon Constitution, art. I, § 11; (b) the amendment of 1923 is beyond the scope of the title of the original act.

■ The venue of the crime of nonsupport is where that support should be rendered. In the instant case the wife and minor children have been living in Multnomah county for a number of years and were living there at the time the indictment was rendered and the trial conducted: 46 C. J. 1357.

■ The title of the amendment is "An Act To amend section 1383, Oregon Laws." The original act is entitled "An Act To Provide a Code of Criminal Procedure and to Define Crimes and their Punishment." Fixing the place of the trial in criminal actions for nonsupport of wife and child, either or both, is germane to the original title to provide a code of criminal procedure. There is no room for controversy about fixing the place of trial for criminal actions being a part of criminal procedure. There is no merit to defendant's contentions.

THE JUDGMENT IS AFFIRMED.

BEAN, BROWN and BELT, JJ., concur.